QUESTION: May a mosquito control district located entirely within one county and created under the general laws of the state be abolished by the adoption of an ordinance by the board of county commissioners, which would also create by ordinance under home rule, a special service district which would be administered by the county board?
SUMMARY: Under Ch. 74-192, Laws of Florida, the dissolution of a special district created pursuant to general or special law may be effected only by a special act of the Legislature or an ordinance of the governing body of the special district approved by vote of the qualified voters of the district. Thus, an existing special mosquito control district located within a noncharter county and created pursuant to Ch. 388, F.S., may not be abolished by home rule ordinance. I have heretofore ruled in AGO 071-154 that a county may not, by home rule ordinance, repeal or amend a special act creating a special district or authority to perform a public or governmental function in the county. The rationale of that opinion would seem to require a similar conclusion as to a special mosquito control district, created pursuant to Ch. 388, F.S., after referendum approval of the electorate, having all the powers of a body corporate and deemed to be a "public quasi-corporation." See s. 388.161, and cf. Forbes Pioneer Boat Line v. Board of Com'rs, 82 So. 346, 350 (Fla. 1919). It is not necessary, however, to answer your question on the basis of the general principles of law applied in that opinion, as the Legislature has now provided by general law the exclusive procedure for "forming or dissolving" special districts, except those in certain charter counties organized pursuant to Art. VIII, s. 6(e), State Const. In Ch. 74-192, Laws of Florida, the "Formation of Local Government Act," the Legislature mandated in s. 165.051, F.S., therein created, that the charter of any existing special district may be revoked and the special district corporation dissolved by either a special act of the Legislature or an ordinance of the governing body of the special district approved by a vote of the qualified voters. As indicated above, s. 165.022, id., declared unequivocally that the provisions of the act "shall be the exclusive procedure pursuant to general law for forming or dissolving . . . special districts in the state," with the exception above noted, and that [a]ny provisions of a general or special law, existing on the effective date of this act, in conflict with the provisions of this act shall not be effective to the extent of such conflict. The definition of "special district" made by the act is broad enough to include a mosquito control district created pursuant to the authority of general law as well as one created by a special law. See s. 165.031(5), defining special district to mean . . . a local unit of special government created pursuant to general or special law for the purposes of performing prescribed, specialized functions within limited boundaries. (See also s. 165.052, id., authorizing the Secretary of State, by proclamation, to declare inactive any special district in certain circumstances and providing for the repeal by the Legislature of any special law creating or relating to the powers and duties of a special district which has been declared inactive.) It must be concluded, therefore, that the board of county commissioners of a noncharter county may not, by county ordinance, abolish a mosquito control district created pursuant to general law. This conclusion would appear to render unnecessary any comment as to the authority of such county commissioners to create by home rule ordinance a special service district to provide mosquito control in the county after abolishing the existing mosquito control district. See, however, s. 165.041, F.S., as created by Ch. 74-192, supra, authorizing a county or a municipal governing body "having jurisdiction over the area affected" to adopt "a charter for creation of a special district . . ." and s. 125.01(1)(q), F.S., as amended by Ch. 74-191, Laws of Florida, effective January 1, 1975, authorizing the governing body of a noncharter county to establish "municipal service taxing or benefit units" in the unincorporated area of the county to provide certain essential facilities and municipal services within such units. Also see s.125.01(5), F.S., as created by Ch. 74-191, relating to the establishment of special districts for any part or all of the county in certain circumstances and upon certain conditions where not inconsistent with general or special law.